Jenifer L. Tomchak (10127)
Nicole A. Skolout (10223)
TOMCHAK SKOLOUT LAW
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone:  (801) 831-4820
jen.tomchak@tomchaklaw.com
nicole.skolout@tomchaklaw.com

*Attorneys for Plaintiff Invasix, Inc. d/b/a InMode*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| INVASIX, INC. d/b/a., INMODE, a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>MEGAN HAYES, an individual; SKYLER HAYES, an individual; and ASCENT AESTHETICS, LLC, a Utah limited liability company,<br><br>      Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. 1:23-cv-00084-JNP<br><br>Judge Jill N. Parrish |

Plaintiff Invasix, Inc. d/b/a InMode, through its undersigned counsel, complains of Megan Hayes, Skyler Hayes, and Ascent Aesthetics, LLC (collectively "Defendants") for injuries to it as follows:

1

## PARTIES

1. Plaintiff Invasix, Inc. d/b/a InMode ("InMode") is a corporation incorporated in Delaware with its principal place of business in Irvine, California. Accordingly, InMode is a citizen of both Delaware and California.

2. Defendant Megan Hayes ("Hayes") is an individual who is a citizen of Utah and resides in Cache County, Utah.

3. Defendant Skyler Hayes is an individual who is a citizen of Utah and resides in Cache County, Utah.

4. Ascent Aesthetics, LLC ("Ascent") is a Utah limited liability company. The members of Ascent are Hayes and her partner, Skyler Hayes, both of whom are citizens of Utah and residents of Cache County, Utah. Hayes and Skyler Hayes are also the managers of Ascent.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in Utah and in this district. Alternatively, venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

7. InMode sells high-end and innovative technological equipment used in the aesthetics industry.

8. Ascent is a long-time customer of InMode.

9. In or around March 12, 2023, Hayes, on behalf of Ascent, ordered a Morpheus8 System, an Evolve System, and a Triton System, together with other related applicators and consumables (collectively hereinafter the "Property") from InMode.

10. Ascent was offered a substantial discount, which brought the total to $225,770.00 ($211,000.00 plus tax), conditioned on its timely payment of the entire amount during the time the promotion was offered.

11. Hayes represented to InMode's representative that she and/or Ascent would pay for the Property via check.

12. Hayes sent InMode a copy of the check and a tracking number as proof of payment on March 31, 2023.

13. Based on those representations, InMode had the Property shipped and delivered to Ascent (to Hayes's attention) on April 4, 2023.

14. Hayes accepted the shipment and acknowledged her receipt of the Property to InMode on April 6, 2023.

15. Hayes and six of her employees also thereafter underwent an in-service training to learn how to operate the Evolve system.

16. On April 10, 2023, when the check had not arrived, InMode contacted Hayes. She claimed that UPS had messed up and was going to cover the cost to overnight the check.

17. On April 11, 2023, Hayes made excuses about why she could not send the check that day. She offered to send her sales representative at InMode a copy of her bank account statement to assure him she was able to pay.

18. The next morning, Hayes took a picture of herself sending the check in a FedEx envelope and sent that to her sales representative.

19. The check finally arrived on or around April 14, 2023.

20. When InMode tried to deposit the check, however, it was returned for insufficient funds.

21. When InMode contacted Hayes about the dishonored check, she assured InMode's Client Operations Manager that the dishonored check was the result of problems with her bank and reassured InMode that the payment would be forthcoming.

22. Hayes promised InMode that full payment had been or would be sent, both in writing and orally, several times over the next few months.

23. For example, on April 24, 2023, Hayes reassured her InMode sales representative that she had just DocuSigned the paperwork to initiate a wire transfer that would "hit" InMode's account the next day.

24. On April 25, 2023, Hayes told the InMode sales representative that she was on the phone with her bank and they had confirmed to her that the wire had been sent.

25. On April 28, 2023, Hayes claimed that she had checked her bank account to confirm the money had been removed and said that it had. She also claimed that she had given her bank the InMode sales representative's email address to send a wire confirmation.

26. On May 1, 2023, Hayes claimed her bank had missed the Friday cutoff and would be sending the wire out that morning. She told her InMode sales representative that her sister worked at the bank and would make sure it got done that day.

27. On May 4, 2023, Hayes told InMode that a wire for $225,770.00 had left her account and even sent it a screenshot she claimed to be a wire confirmation.

28. On May 9, 2023, Hayes again claimed that the funds had left her account and claimed that the bank must have sent the wire to the wrong account. She promised that she

4

would have her administrative assistant wire it from her personal account and asked for wire instructions.

29. On May 14, 2023, Hayes claimed that the bank had pulled back the wire since it had not made it to InMode. She claimed that she would go to the bank the next day to initiate the wire again.

30. On May 17, 2023, when the payment still had not been received, InMode engaged counsel in California to attempt to collect the payment from Ascent.

31. Again Hayes assured InMode through its counsel that the payment would be wired to it immediately.

32. Hayes, however, claimed that she could not send a wire confirmation, claiming that her business partner, Skyler Hayes, had suffered a medical emergency that prevented Hayes from going into the bank to obtain the desired confirmation.

33. Hayes also continued to represent to her InMode sales representative that she had attempted to wire the funds.

34. On May 25, 2023, Hayes told InMode that the bank had told her that a wire confirmation would be documented on her account that day, and, on June 9, 2023, sent a screen shot to her InMode sales representative claiming to document a wire transfer on her account.

35. Hayes told InMode that the bank had missent the $225,000.00 payment and that it was missing from her account. She sent her InMode sales representative screenshots of the counter at what she claimed to be her bank to assure him that she had gone to the bank.

36. All of these statements made by Hayes about Ascent's payment for the Property were false.

37. InMode has never received payment for the Property, from Ascent or otherwise.

## FIRST CAUSE OF ACTION
### CONVERSION/CIVIL THEFT
**(Against All Defendants)**

38. InMode realleges and incorporates the preceding paragraphs as if fully set forth herein.

39. InMode has the right to the value of the Property it sold to Ascent and, upon non-payment, to the immediate right possess all such Property.

40. Defendants intentionally interfered with InMode's rights to the value of the Property and of the Property itself.

41. Defendants intentionally interfered with InMode's rights to the immediate possession the funds for the Property when they exercised dominion and control over those items.

42. Despite demand from InMode, Defendants retained or continued to interfere with all of InMode's Property or the value of the Property.

43. InMode has been damaged as a result of Defendants' actions in an amount to be proven at trial, but in no event less than $600,000.00.

44. Because Defendants' conduct was malicious and intentional, InMode is also entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
**(Against Ascent)**

45. InMode realleges and incorporates the preceding paragraphs as if fully set forth herein.

46. When Defendants purchased the Property, they signed a Consumer Purchase Agreement, which incorporates additional provisions in the Terms and Condition Addendum ("Agreement").

47. The Agreement constitutes a binding and enforceable contract supported by adequate consideration.

48. InMode has fully performed all obligations under the Agreement by timely delivering the Property to Defendants.

49. Ascent has breached its contractual obligations under the Agreement, including by failing to pay to InMode the monies owed to it.

50. InMode has been harmed by Ascent's breach of the Agreement in an amount to be determined at trial of no less than $600,000.00.

51. Pursuant to the terms of the Agreement, InMode has a secured interest in the Property and all proceeds from the use of such Property.

52. Pursuant to the terms of the Agreement, InMode is entitled to recover its reasonable costs and attorneys' fees to the full extent allowed by law.

53. Furthermore, under the Utah Commercial Code and the terms of the Agreement, Ascent is entitled to an election of remedies that includes without limitation the right to recover the full price of the Property, to its incidental damages, the irrevocable right to enter Ascent's business or facility and retake possession of the Property and any other items purchased from InMode, to all reasonable costs of collection, and to a deficiency judgment after repossession and sale of the Property, including the costs of any such sale.

**THIRD CAUSE OF ACTION**
**FRAUDULENT OR NEGLIGENT MISREPRESENTATION AND OMISSION**
**(Against Hayes & Ascent)**

54. InMode realleges and incorporates the preceding paragraphs as if fully set forth herein.

55. Hayes, acting individually and on behalf of Ascent, intentionally made false misrepresentations and assurances to and/or concealed material facts from InMode and its then-counsel, including that Ascent had the funds owed to InMode, that such funds had been or were being sent to InMode, and that InMode would be paid timely and in full.

56. One or more of those statements were untrue at the time they were made or were intentionally misleading and omitted material facts.

57. Hayes made such statements intentionally and knowing they were false or in reckless disregard of their veracity.

58. Hayes had an independent duty to disclose to InMode material facts about the status of payment for the Property to prevent her affirmative representations from being misleading and because she knew the information was material to InMode.

59. Hayes made the statements and omissions for various reasons, including to induce InMode to ship the Property to Defendants, to induce InMode to train Defendants about how to use the Property, to induce InMode to give Ascent the heavily discounted promotion price, and to induce InMode not to initiate immediate legal action or seek injunctive relief so that InMode could continue to use and profit from the Property.

60. InMode reasonably relied on Hayes's statements and omissions to its detriment by, among other conduct, shipping the Property to Defendants, training the Defendants how to use the Property, giving Ascent a substantial discount, and waiting to initiate this lawsuit against them.

61. Hayes had a pecuniary interest in stringing InMode along so that Ascent could obtain and use the Property for its benefit and without paying InMode.

62. Hayes had superior knowledge of the subject matter of her representations and omissions.

63. As a direct, proximate, and foreseeable result of InMode's reliance on the misrepresentations and omissions, InMode has been damaged in an amount to be determined at trial of no less than $600,000.00.

64. In addition, Defendants should be required to disgorge all proceeds and ill-gotten gains they, or others acting as their alter egos or acting in concert with them, including without limitation, Skyler Hayes, gained from their fraudulent misrepresentations and omissions.

65. Because Hayes's and Ascent's conduct was willful and malicious or taken in reckless disregard of InMode's rights, InMode is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST
### (Against All Defendants)

66. InMode realleges and incorporates the preceding paragraphs as if fully set forth herein.

67. InMode conferred a benefit on Defendants by providing them with the Property.

68. Defendants had knowledge of that benefit and of InMode's expectation that it would be paid for such benefit.

69. Defendants, nevertheless, retained that benefit without payment.

70. Under the circumstances, it would be inequitable if Defendants were permitted to retain the Property without payment of its full value.

9

71. Accordingly, InMode should be awarded the value of the benefit in an amount to be determined at trial in an amount of no less than $600,000.00.

72. Furthermore, because Defendants have been unjustly enriched by the amounts, property, or services they received, a constructive trust should be imposed on them in the amount of unjust enrichment and any proceeds that are derived therefrom, including any profits that have been derived from the use of InMode's stolen Property.

## FIFTH CAUSE OF ACTION
## ALTER EGO
**(Against All Defendants)**

73. InMode realleges and incorporates the preceding paragraphs as if fully set forth herein.

74. Upon information and belief, at all relevant times, Hayes and Skyler Hayes did not have any legitimate or separate existence from Ascent.

75. Upon information and belief, Ascent has been used and exists for the sole purpose of permitting its members, Hayes and Skyler Hayes, to transact business under a separate guise.

76. Upon information and belief, at all relevant times, Hayes and Skyler Hayes have such unity of interest with Ascent that they are inseparable from one another.

77. Upon information and belief, Ascent has failed to observe corporate formalities.

78. Upon information and belief, Hayes and Skyler Hayes have siphoned off funds belonging to Ascent, have failed to keep adequate corporate records, and have used Ascent as a façade for their personal operations and to promote injustice.

79. Based on the foregoing allegations, the separate personality of Ascent does not exist.  Rather it is the alter ego of Hayes and Skyler Hayes.

80. If observed, the limited liability form would promote injustice and thus Defendants are all jointly and severally liable for InMode's damages.

## PRAYER FOR RELIEF

WHEREFORE, InMode respectfully requests the following relief:

A. An award of damages against Defendants in an amount to be proven at trial, but not less than $600,000.00.

B. An award of pre- and post-judgment interest to the maximum extent allowed by law.

C. An award of punitive and exemplary damages as allowed by law;

D. An award of attorneys' fees and costs of collection as allowed by law;

E. Any other relief to which Plaintiff is entitled as allowed by law; and

F. For any other relief necessary and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, InMode hereby requests trial by jury of all claims and issues triable of right by a jury.

DATED this 19th day of July, 2023.

TOMCHAK SKOLOUT LAW

/s/ *Jenifer L. Tomchak*
*Attorney for Plaintiff Invasix, Inc. d/b/a InMode*