IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INVASIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASCENT AESTHETICS, LLC, MEGAN HAYES, and SKYLER HAYES, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT <br><br> Case No. 1:23-cv-00084-JNP-CMR <br><br> District Judge Jill N. Parrish |

Invasix, Inc. entered into a contract for the sale of skin-care equipment to Ascent Aesthetics, LLC, which is owned by Megan and Skyler Hayes. The price of the equipment, excluding sales tax, was $211,000. The Utah sales tax for the transaction was $14,770. Invasix delivered the equipment, but Ascent did not remit payment. Invasix sued Ascent, asserting a claim for breach of contract and tort claims against it. Invasix also asserted tort claims against Megan and Skyler Hayes and a claim that Ascent was the alter ego of Megan and Skyler. The defendants failed to answer the complaint, and the court entered defaults against them.

Before the court is Invasix's motion for default judgment. ECF No. 16. The court GRANTS the motion.

## LEGAL STANDARD

In evaluating a motion for default judgment, the court accepts all of the well-pled factual allegations of the complaint as true. *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022). "[E]ntry of a default judgment is committed to the sound discretion of the district court . . . ." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016); *accord*

10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022) ("[T]he district judge is required to exercise sound judicial discretion in determining whether [a default] judgment should be entered.").

## ANALYSIS

The facts alleged in the complaint readily establish that Ascent is liable for breaching its contract with Invasix. Moreover, the complaint asserts an alter ego claim for this debt against Megan and Skyler Hayes. Thus, due to their default, Ascent, Megan Hayes, and Tyler Hayes are jointly liable for Accent's breach of contract claim. The only question remaining is the amount of damages to award.

The contract price for the equipment was $211,000. In addition, Ascent owed $14,770 for sales tax on the transaction. Invasix also seeks prejudgment interest for the breach of contract damages. Under Utah law, "[p]rejudgment interest may be recovered where the damage is complete, the loss has been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages." *USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 666 (Utah 2016) (cleaned up). "Losses that cannot be calculated with mathematical accuracy are those in which damage amounts are to be determined by the broad discretion of the trier of fact, requiring the fact-finder to be guided by [its] best judgment in assessing the amount to be allowed for past as well as for future injury." *Id.* (cleaned up). The prejudgment interest rate for a breach of contract claim is 10% per annum. Utah Code § 15-1-1(2).

Invasix's damages are complete, fixed at a particular time, and can be calculated with mathematical accuracy. The contract required payment of $211,000. Although the contract does not specify a date when payment was due, Utah law required payment on April 6, 2023, the date when Ascent accepted delivery of the equipment. Utah Code § 70A-2-310. Accordingly, Invasix

is entitled to prejudgment interest at the rate of 10% per annum on this amount (or $57.81 per day) from April 6, 2023 to the date when judgment is entered.[1]

Finally, Invasix argues that it is entitled to attorney fees and costs for this action. The sales contract provides that the prevailing party in a lawsuit between Invasix and Ascent shall "be entitled to recover reasonable attorneys' fees [and] costs of suit." Invasix provided two declarations in support of its request for attorney fees and costs. First, its Utah attorneys declared that they expended 36 hours on this case at the rate of $375 per hour and that a paralegal expended one hour at the rate of $50 per hour, for a total of $13,550. The Utah attorneys also averred that Invasix incurred $571.67 in costs related to this action. Second, Invasix's California attorney declared that she billed 19 hours related to this case at a rate of $740 per hour, for a total of $14,060.

Invasix may only recover a reasonable attorney fee. Utah courts consider four factors when calculating a reasonable fee:

> 1. What legal work was actually performed?
>
> 2. How much of the work performed was reasonably necessary to adequately prosecute the matter?
>
> 3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
>
> 4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

---

[1] In its motion, Invasix calculated prejudgment interest for the sale tax on the transaction in addition to the contract amount. The court finds, however, that Invasix is not entitled to prejudgment interest for the sales tax. Invasix did not prove that it was damaged by the unpaid taxes. Nor has it explained why it should reap the benefit of interest on the unpaid sales tax.

*Utah Transit Auth. v. Greyhound Lines, Inc.*, 355 P.3d 947, 964 (Utah 2015). Applying these factors, the court finds that the attorney fees requested by Invasix for its Utah attorneys fall within the bounds of reasonability. The court finds, however, that the fees that it seeks for its California attorney are unreasonable. The billing rate of $740 per hour for relatively simple tasks associated with a straight-forward contract dispute far exceed the reasonable rate charged in this locality. The court will reduce the rate to $375 per hour to match the billing rate for its Utah attorneys. Accordingly, the court will award $13,550 for the work performed by Invasix's Utah attorneys, $7,125 for the work performed by its California attorney, and $571.67 in costs, for a total of $21,246.67.

## CONCLUSION

The court grants the motion for default judgment against Ascent, Megan Hayes, and Tyler Hayes. The court will enter a judgment against the defendants in the amount of $260,717.64 ($225,770 for the contract price of the equipment and sales tax, $13,700.97 for prejudgment interest, and $21,246.67 for attorney fees and costs).

DATED November 29, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge